**Fill in this information to identify your case:**

United States Bankruptcy Court for the :

_____ NORTHERN _____ District of _ ILLINOIS ___
(State)

Case Number *(if known)*: _____

Chapter you are filing under:
☐ Chapter 7
☐ Chapter 11
☐ Chapter 12
■ Chapter 13

☐ Check if this is an amended filing

## Official Form 101

## Voluntary Petition for Individuals Filing for Bankruptcy                    12/17

The bankruptcy forms use *you* and *Debtor 1* to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use *you* to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be *yes* if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  |  | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| 1. | **Your full name**<br><br>Write the name that is on your government-issued picture identification (for example, your driver's license or passport).<br><br>Bring your picture identification to your meeting with the trustee. | Michael<br>First name<br><br>Middle name<br><br>Caldwell<br>Last name<br><br>Suffix (Sr., Jr., II, III) | First name<br><br>Middle name<br><br>Last name<br><br>Suffix (Sr., Jr., II, III) |
| 2. | **All other names you have used in the last 8 years**<br><br>Include your married or maiden names. | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name | First name<br><br>Middle name<br><br>Last name<br><br>First name<br><br>Middle name<br><br>Last name |
| 3. | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number** | XXX – XX – __6834_____<br><br>OR<br><br>**9**XX – XX – ___ ___ ___ ___ | XXX – XX – _____<br><br>OR<br><br>**9**XX – XX – ___ ___ ___ ___ |

Debtor 1    Michael _____ _____ Caldwell _____    Case Number (if known) _____

First Name    Middle Name    Last Name

| | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business names or EINs.

Business name _____

Business name _____

EIN __ __ - __ __ __ __ __ __ __

EIN __ __ - __ __ __ __ __ __ __

☐ I have not used any business names or EINs.

Business name _____

Business name _____

EIN __ __ - __ __ __ __ __ __ __

EIN __ __ - __ __ __ __ __ __ __

**5.** **Where you live**

11342 S Troop Street
_____
Number    Street

Unit   BASTM
_____

Chicago              IL      60653
_____
City              State    ZIP Code

COOK
_____
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City              State    ZIP Code

If Debtor 2 lives at a different address:

_____
Number    Street

_____

_____
City              State    ZIP Code

_____
County

**If Debtor 2's mailing address is different from the one above, fill it in here.** Note that the court will send any notices this mailing address.

_____
Number    Street

_____
P.O. Box

_____
City              State    ZIP Code

**6.** **Why you are choosing *this district* to file for bankruptcy.**

Check one:

■ **Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.**

☐ **I have another reason. Explain.** (See 28 U.S.C. § 1408

_____
_____
_____

Check one:

☐ **Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.**

☐ **I have another reason. Explain.** (See 28 U.S.C. § 1408

_____
_____
_____

| Debtor 1 | Michael | | Caldwell | Case Number *(if known)* _____ |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

| **Part 2:** | **Tell the Court About Your Bankruptcy Case** |
|---|---|

**7.** **The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy* (Form 2010)). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

**8.** **How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments). If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9.** **Have you filed for bankruptcy within the last 8 years?**

☐ No

■ Yes.   District ___NDIL___   When ___07/02/2012___   Case Number ___12-26582___
                                                MM / DD / YYYY

District ___None___   When _____   Case Number _____
                                              MM / DD / YYYY

District _____   When _____   Case Number _____
                                              MM / DD / YYYY

**10.** **Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business parter, or by affiliate?**

■ No

☐ Yes.   Debtor _____   Relationship to you _____
                District _____   When _____   Case Number, if known _____
                                                              MM / DD / YYYY

Debtor _____   Relationship to you _____
District _____   When _____   Case Number, if known _____
                                                    MM / DD / YYYY

**11.** **Do you rent your residence?**

☐ No.   Go to line 12

■ Yes.   Has your landlord obtained an eviction judgment against you?

■ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it with this bankruptcy petition.

Debtor 1    Michael _____ Caldwell _____    Case Number (if known) _____
        First Name        Middle Name        Last Name

**Part 3:**    **Report About Any Businesses You Own as a Sole Proprietor**

12. **Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnerhsip, or LLC.

If you have more than one sole proprietorship, use a separate sheed and attach it to this petition.

■ No.    Go to Part 4.

☐ Yes.    Name and location of business

_____
Name of business, if any

_____
Number    Street

_____

_____    _____    _____
City                                    State    Zip Code

Check the appropriate box to describe your business:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ None of the above

13. **Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

■ No.    I am not filing under Chapter 11.

☐ No.    I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.    I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

**Part 4:**    **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention**

14. **Do you own or have any property that poses or is alleged to pose a threat of imminent and indentifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.    What is the hazard?    _____

_____

If immediate attention is needed, why is it needed?    _____

_____

Where is the property?    _____
                        Number    Street

_____

_____    _____    _____
City                                    State    ZIP Code

Debtor 1   ___Michael_____Caldwell_____    Case Number (if known) _____

     First Name            Middle Name                 Last Name

**Part 5:**   **Explain Your Efforts to Receive a Briefing About Credit Counseling**

15. **Tell the court whether you have received a briefing about credit counseling.**

The law requires that you receive a briefing about credit counseling before you file for bankruptcy. You must truthfully check one of the following choices. If you cannot do so, you are not eligible to file.

If you file anyway, the court can dismiss your case, you will lose whatever filing fee you paid, and your creditors can begin collection activities again.

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|
| *You must check one:* | *You must check one:* |
| ☑ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency. | ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, and I received a certificate of completion.**<br><br>Attach a copy of the certificate and the payment plan, if any, that you developed with the agency. |
| ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any. | ☐ **I received a briefing from an approved credit counseling agency within the 180 days before I filed this bankruptcy petition, but I do not have a certificate of completion.**<br><br>Within 14 days after you file this bankruptcy petition, you MUST file a copy of the certificate and payment plan, if any. |
| ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. | ☐ **I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.**<br><br>To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.<br><br>Your case may be dismissed if the court is dissatisfied with your reasons for not receiving a briefing before you filed for bankruptcy. If the court is satisfied with your reasons, you must still receive a briefing within 30 days after you file. You must file a certificate from the approved agency, along with a copy of the payment plan you developed, if any. If you do not do so, your case may be dismissed.<br>Any extension of the 30-day deadline is granted only for cause and is limited to a maximum of 15 days. |
| ☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.** I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. | ☐ **I am not required to receive a briefing about credit counseling because of:**<br><br>☐ **Incapacity.** I have a mental illness or a mental deficiency that makes me incapable of realizing or making rational decisions about finances.<br><br>☐ **Disability.** My physical disability causes me to be unable to participate in a briefing in person, by phone, or through the internet, even after I reasonably tried to do so.<br><br>☐ **Active duty.** I am currently on active military duty in a military combat zone.<br><br>If you believe you are not required to receive a briefing about credit counseling, you must file a motion for waiver of credit counseling with the court. |

Debtor 1    Michael _____ Caldwell _____    Case Number *(if known)* _____
            First Name      Middle Name        Last Name

| Part 6: | Answer These Questions for Reporting Purposes |
|---|---|

16.  **What kind of debts do you have?**

16a. **Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No.  Go to line 16b.
■ Yes.  Go to line 17.

16b. **Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No.  Go to line 16c.
☐ Yes.  Go to line 17.

16c. State the type of debts you owe that are not consumer debts or business debts.

_____

17.  **Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

■ No.  I am not filing under Chapter 7.  Go to line 18.

☐ Yes.  I am filing under Chapter 7.  Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No.

☐ Yes.

18.  **How many creditors do you estimate that you owe?**

| | | |
|---|---|---|
| ■ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

19.  **How much do you estimate your assets to be worth?**

| | | |
|---|---|---|
| ■ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

20.  **How much do you estimate your liabilities to be?**

| | | |
|---|---|---|
| ■ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| Part 7: | Sign Below |
|---|---|

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11,12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ **/s/ Michael  Caldwell** _____
Signature of Debtor 1

✗ _____
Signature of Debtor 2

Executed on   06/25/2018
              MM / DD / YYYY

Executed on _____
              MM / DD / YYYY

Debtor 1    Michael _____ Caldwell _____    Case Number (if known) _____
        First Name    Middle Name    Last Name

| For your attorney, if you are represented by one | I, the attorney for the debtor(s) named in this petition, declare that I have informed the debtor(s) about eligibility to proceed under Chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each chapter for which the person is eligible.  I also certify that I have delivered to the debtor(s) the notice required by 11 U.S.C. § 342(b) and, in a case in which § 707(b)(4)(D) applies, certify that I have no knowledge after an inquiry that the information in the schedules filed with the petition is incorrect. |
| --- | --- |

**if you are not represented by an attorney, you do not need to file this page.**

✖ **/s/ Tarek Muhammad Khalil**            Date        **Date:  06/25/2018**
_____                _____
Signature of Attorney for Debtor                     MM / DD / YYYY

**Tarek Muhammad Khalil**
_____
Printed name

Geraci Law L.L.C.
_____
Firm name

55 E. Monroe St., #3400
_____
Number    Street

_____

Chicago _____    IL ___    60603 _____
City                        State    ZIP Code

Contact Phone  312-332-1800 _____    Email address  ndil@geracilaw.com
                                        _____

6311129 _____    IL _____
Bar number                        State

---

**Fill in this information to identify your case:**

Debtor 1 ___Michael_____ ___Caldwell_____
First Name                 Middle Name                    Last Name

Debtor 2 _____
(Spouse, if filing)  First Name        Middle Name              Last Name

United States Bankruptcy Court for the : ___NORTHERN___ District of ___ILLINOIS___
(State)

Case Number _____
(If known)

☐ Check if this is an amended filing

---

## Official Form 106Sum

### Summary of Your Assets and Liabilities and Certain Statistical Information 12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

| Part 1: | Summarize Your Assets |
| --- | --- |

|  | **Your assets** Value of what you own |
| --- | --- |
| 1. *Schedule A/B: Property* (Official Form 106A/B) 1a. Copy line 55, Total real estate, from *Schedule A/B*............................................................. | $ 0 |
| 1b. Copy line 62, Total personal property, from *Schedule A/B* ............................................... | $ 4,050 |
| 1c. Copy line 63, Total of all property on *Schedule A/B* ........................................................... | $ 4,050 |

| Part 2: | Summarize Your Liabilities |
| --- | --- |

|  | **Your liabilities** Amount you owe |
| --- | --- |
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D* ............ | $0 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* ............................................. | $700 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*................................................ | $9,187 |

| Part 3: | Summarize Your Liabilities |
| --- | --- |

| 4. *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I* .......................................................... | $1,958.99 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J* ....................................................... | $1,756.00 |

Debtor 1 ___Michael_____Caldwell_____    Case Number *(if known)* _____
         First Name          Middle Name          Last Name

| **Part 4:** | **Answer These Questions for Administrative and Statistical Records** |
|---|---|

6. **Are you filing for bankruptcy under Chapter 7, 11 or 13?**

   ☐ No.  You have nothing to report on this part of the form.  Check this box and submit this form to the court with your other schedules.

   ☑ Yes

7. **What kind of debt do you have?**

   ☑ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.      $ *2,674.29*

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:

| From Part 4 of Schedule E/F, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ 0.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ 0.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ 0.00 |
| 9f.  Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | $ 0.00 |
| 9g. **Total.** Add lines 9a through 9f. | $ 0.00 |

**Fill in this information to identify your case and this filing:**

Debtor 1    Michael _____ Caldwell _____
            First Name        Middle Name        Last Name

Debtor 2    _____
(Spouse, if filing)    First Name    Middle Name    Last Name

United States Bankruptcy Court for the : ___NORTHERN___ District of ___ILLINOIS___
                                                                    (State)

Case Number _____
(if known)

☐ Check if this is an
   amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**   **Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

**01.  Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**
■ No.
☐ Yes.    Describe.....

2.  Add the dollar value of the portion you own for all of your entries fro Part 1, including any entries for pages
    you have attached for Part 1. Write that number here .................................................................. -->
                                                                                                        $0.00

**Part 2:**   **Describe Your Vehicles**

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles
you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

**03.  Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**
■ No.
☐ Yes.    Describe.....

**04.  Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
      Examples: Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories
■ No.
☐ Yes.    Describe.....

5.  Add the dollar value of the portion you own for all of your entries fro Part 2, including any entries for pages
    you have attached for Part 2. Write that number here .................................................................. -->
                                                                                                        $ 0.00

**Part 3:**   **Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

Current value of the portion you own?
Do not deduct secured claims or exemptions

**06.  Household goods and furnishings**
      Examples: Major appliances, furniture, linens, china, kitchenware
☐ No.
■ Yes.    Describe.....

| Furniture, linens, small appliances, table & chairs, bedroom set | $1,000 |
|---|---|

$_____1,000.00

**07.  Electronics**
      Examples: Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music
      collections; electronic devices including cell phones, cameras, media players, games
☐ No.
■ Yes.    Describe.....

| Flat screen TV, computer, printer, music collection, cell phone | $550 |
|---|---|

$_____550.00

**08.  Collectibles of value**
      Examples: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects;
      stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No.
☐ Yes.    Describe.....

|  |  |
|---|---|

$_____0.00

Debtor 1    Michael                    Caldwell
First Name    Middle Name    Last Name    Case Number *(if known)* _____

**09. Equipment for sports and hobbies**

Examples: Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments

☒ No.
☐ Yes.    Describe.....

| |
|---|

$_____0.00

**10. Firearms**

Examples: Pistols, rifles, shotguns, ammunition, and related equipment

☒ No.
☐ Yes.    Describe.....

| |
|---|

$_____0.00

**11. Clothes**

Examples: Everyday clothes, furs, leather coats, designer wear, shoes, accessories

☐ No.
☒ Yes.    Describe.....

| Everyday clothes | $200 |
|---|---|

$_____200.00

**12. Jewelry**

Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver

☐ No.
☒ Yes.    Describe.....

| Everyday jewelry | $250 |
|---|---|

$_____250.00

**13. Non-farm animals**

Examples: Dogs, cats, birds, horses

☒ No.
☐ Yes.    Describe.....

| |
|---|

$_____0.00

**14. Any other personal and household items you did not already list, including any health aids you did not list**

☐ No.
☒ Yes.    Describe.....

| books, CDs, DVDs & Family Photos | $75 |
|---|---|

$_____75.00

**15.** Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached

for Part 3. Write that number here ............................................................................... -->    | $2,075.00 |

---

**Part 4:**    **Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions |
|---|---|

**16. Cash**

Examples: Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☒ No.
☐ Yes.    Describe.....

$_____0.00

**17. Deposits of money**

Examples: Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No.
☒ Yes.    Describe.....

| Account Type: | Institution name: | |
|---|---|---|
| Checking Account | Northside Credit Union | $_____0.00 |
| Checking Account | Centire | $_____25.00 |
| Checking Account | Chase Bank | $_____1,200.00 |
| | | $_____1,225.00 |

**18. Bonds, mutual funds, or publicly traded stocks**

Examples: Bond funds, investment accounts with brokerage firms, money market accounts

☒ No.
☐ Yes.    Describe.....    Institution or issuer name:

$_____0.00

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in**

☒ No.
☐ Yes.    Describe.....    Name of Entity and Percent of Ownership:

$_____0.00

Debtor 1   Michael     Caldwell     Case number *(if known)* _____
First Name    Middle Name    Last Name

---

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

Negotiable instruments include personal checks, cashiers' checks, promissory notes, and money orders.
Non-negotiable instruments are those you cannot transfer to someone by signing or delivering them.

■ No.
☐ Yes.  Describe.....  Issuer name:

$_____0.00

**21. Retirement or pension accounts**

Examples: Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

■ No.
☐ Yes.  Describe.....  Type of account and Institution name:

$_____0.00

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
Examples: Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications

☐ No.
■ Yes.  Describe.....  Institution name or individual:
     Prepaid rent      Renee Buchanan

$_____750.00
$_____**750.00**

**23. Annuities (A contract for a periodic payment of money to you, either for life or for a number of years)**

■ No.
☐ Yes.  Describe.....  Issuer name and description:

$_____0.00

**24. Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**

26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No.
☐ Yes.  Describe.....  Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

$_____0.00

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers**

■ No.
☐ Yes.  Describe.....

$_____0.00

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**

Examples: Internet domain names, websites, proceeds from royalties and licensing agreements

■ No.
☐ Yes.  Describe.....

$_____0.00

**27. Licenses, franchises, and other general intangibles**

Examples: Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

■ No.
☐ Yes.  Describe.....

$_____0.00

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions |
|---|---|

**28. Tax refunds owed to you**

■ No.
☐ Yes.  Describe.....

$_____0.00

**29. Family support**

Examples: Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

■ No.
☐ Yes.  Describe.....

$_____0.00

**30. Other amounts someone owes you**

Examples: Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
Social Security benefits; unpaid loans you made to someone else

■ No.
☐ Yes.  Describe.....

$_____0.00

**31. Interest in insurance policies**

Examples: Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No.

☐ Yes.    Describe.....    Company Name & Beneficiary:

$_____0.00

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No.

☐ Yes.    Describe.....

$_____0.00

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

Examples: Accidents, employment disputes, insurance claims, or rights to sue

☑ No.

☐ Yes.    Describe.....

$_____0.00

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights**

☑ No.

☐ Yes.    Describe.....

$_____0.00

**35. Any financial assets you did not already list**

☑ No.

☐ Yes.    Describe.....

$_____0.00

**36. Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached**

**for Part 4. Write that number here** .............................................................................    -->    $1,975.00

| Part 5: | Describe Any Business-Related Property You Own or Have an Interest In.  List any real estate in Part 1. |

**37. Do you own or have any legal or equitable interest in any business-related property?**

☑ No.

☐ Yes.

**Current value of the portion you own?**
Do not deduct secured claims or exemptions

**38. Accounts receivable or commissions you already earned**

☑ No.

☐ Yes.    Describe.....

$_____0.00

**39. Office equipment, furnishings, and supplies**

Examples: Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☑ No.

☐ Yes.    Describe.....

$_____0.00

**40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**

☑ No.

☐ Yes.    Describe.....

$_____0.00

**41. Inventory**

☑ No.

☐ Yes.    Describe.....

$_____0.00

**42. Interests in partnerships or joint ventures**

☑ No.

☐ Yes.    Describe.....    Name of Entity and Percent of Ownership:

$_____0.00

**43. Customer lists, mailing lists, or other compilations**

☑ No.

☐ Yes.    Describe.....

$_____0.00

**44.  Any business-related property you did not already list**

☒ No.

☐ Yes.    Describe.....

$_____0.00

45.  Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached

for Part 5.  Write that number here ................................................................................-->    $ 0.00

| Part 6: | Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In. |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46.  Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

☒ No.

☐ Yes.    Describe.....

$_____0.00

**47.  Farm animals**

Examples: Livestock, poultry, farm-raised fish

☒ No.

☐ Yes.    Describe.....

$_____0.00

**48.  Crops—either growing or harvested**

☒ No.

☐ Yes.    Describe.....

$_____0.00

**49.  Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☒ No.

☐ Yes.    Describe.....

$_____0.00

**50.  Farm and fishing supplies, chemicals, and feed**

☒ No.

☐ Yes.    Describe.....

$_____0.00

**51.  Any farm- and commercial fishing-related property you did not already list**

☒ No.

☐ Yes.    Describe.....

$_____0.00

52.  Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached

for Part 6.  Write that number here ................................................................................-->    $0.00

| Part 7: | Describe All Property You Own or Have an Interest in That You Did Not List Above |
|---|---|

**53.  Do you have other property of any kind you did not already list?**

Examples: Season tickets, country club membership

☒ No.

☐ Yes.    Describe.....

$_____0.00

54.  Add the dollar value of all of your entries from Part 7.  Write that number here ...................................................-->    $0.00

| Part 8: | List the Totals of Each Part of this Form |
|---------|-------------------------------------------|

55. **Part 1: Total real estate, line 2**                                                    $ 0.00

56. **Part 2: Total vehicles, line 5**                                     $ 0.00

57. **Part 3: Total personal and household items, line 15**                $ 2,075.00

58. **Part 4: Total financial assets, line 36**                            $ 1,975.00

59. **Part 5: Total business-related property, line 45**                   $ 0.00

60. **Part 6: Total farm- and fishing-related property, line 52**          $ 0.00

61. **Part 7: Total other property not listed, line 54**                   $ 0.00

62. **Total personal property.** Add lines 56 through 61. ....................    $ 4,050.00    $ 4,050.00

63. **Total of all property on Schedule A/B.** Add line 55 + line 62                            **$4,050.00**

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Michael | | Caldwell |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : ___NORTHERN___ District of ___ILLINOIS___
(State)

Case Number _____
(If known)

☐ Check if this is an amended filing

## Official Form 106C

## Schedule C: The Property You Claim as Exempt

04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on Schedule A/B: Property (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of Part 2: Additional Page as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim.** One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions-such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds-may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

### Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)

   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Furniture, linens, small appliances, table & chairs, bedroom set<br>Line from *Schedule A/B:* 06 | $ 1,000 | ☑ $ 1,000<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description: Flat screen TV, computer, printer, music collection, cell phone<br>Line from *Schedule A/B:* 07 | $ 550 | ☑ $ 550<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description: Everyday clothes<br>Line from *Schedule A/B:* 11 | $ 200 | ☑ $ 200<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a),(e) |
| Brief description: Everyday jewelry<br>Line from *Schedule A/B:* 12 | $ 250 | ☑ $ 250<br>☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a),(e) |

Debtor 1    Michael _____ _____ Caldwell _____    Case Number (if known) _____

First Name    Middle Name    Last Name

| **Part 2:** | **Additional Page** |

| Brief description of the property and line on Schedule A/B that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: books, CDs, DVDs & Family Photos  Line from *Schedule A/B*: 14 | $ 75 | ■ $ 75  ☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(a) |
| Brief description: Checking Account, Northside Credit Union, 0.00  Line from *Schedule A/B*: 17 | $ 0 | ■ $ 0  ☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description: Checking Account, Centire, 25.00  Line from *Schedule A/B*: 17 | $ 25 | ■ $ 25  ☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description: Checking Account, Chase Bank, 1,200.00  Line from *Schedule A/B*: 17 | $ 1,200 | ■ $ 1,200  ☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-1001(b) |
| Brief description: Prepaid rent, Renee Buchanan, 750.00  Line from *Schedule A/B*: 22 | $ 750 | ■ $ 750  ☐ 100% of fair market value, up to any applicable statutory limit | 735 ILCS 5/12-901 |

3. **Are you claiming a homestead exemption of more than $160,375?**

(Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment .)

■ No.

☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?

☐ No

☐ Yes.

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Michael | | Caldwell |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : __NORTHERN__ District of __ILLINOIS__

(State)

Case Number _____
(If known)

☐ Check if this is an amended filing

# Official Form 106D

## Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).**

1. **Do any creditors have claims secured by your property?**

   ☑ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

   ☐ Yes. Fill in all of the information below.

| Part 1: | List All Secured Claims |
|---|---|

| | Column A | Column A | Column C |
|---|---|---|---|
| 2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.  If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditors name. | **Amount of claim** Do not deduct the value of collateral | **Value of collateral that supports this claim** | **Unsecured portion** If any |

| | | |
|---|---|---|
| Add the dollar value of your entries in Column A on this page.  Write that number here: | $_____ | |

Fill in this information to identify your case:

Debtor 1    Michael        Caldwell

First Name      Middle Name      Last Name

Debtor 2

(Spouse, if filing)   First Name      Middle Name      Last Name

United States Bankruptcy Court for the : __NORTHERN__ District of __ILLINOIS__

(State)

Case Number _____
(if known)

☐ Check if this is an
amended filing

# Official Form 106E/F

## Schedule E/F: Creditors Who Have Unsecured Claims

12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims.
List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on *Schedule A/B: Property* (Official Form 106A/B) and on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 106G). Do not include any creditors with partially secured claims that are listed in *Schedule D: Creditors Who Have Claims Secured by Property*. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. On the top of any additional pages, write your name and case number (if known).

**Part 1:**    List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

   ☐ No.  Go to Part 2.

   ☐ Yes.

2. **List all of your priority unsecured claims.** If a creditor has more than one priority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. If a claim has both priority and nonpriority amounts, list that claim here and show both priority and nonpriority amounts. As much as possible, list the claims in alphabetical order according to the creditor's name. If you have more than two priority unsecured claims, fill out the Continuation Page of Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3. (For an explanation of each type of claim, see the instructions for this form in the instruction booklet.)

|  |  | Total claim | Priority amount | Nonpriority amount |
|---|---|---|---|---|
| **2.1** IRS Priority Debt | Last 4 digits of account number ___ ___ ___ ___ | $ 700.00 | $ 700.00 | $ 0.00 |
| Creditor's Name | | | | |
| PO Box 7346 | When was the debt incurred?   2016 | | | |
| Number    Street | | | | |

As of the date you file, the claim is: Check all that apply.

☐ Contingent

☐ Unliquidated

☐ Disputed

Philadelphia    PA   19101

City      State   Zip Code

**Who owes the debt?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim relates to a
community debt**

**Is the claim subject to offset?**

☑ No

☐ Yes

**Type of PRIORITY unsecured claim:**

☐ Domestic support obligations

☑ Taxes and certain other debts you owe the government

☐ Claims for death or personal injury while you were intoxicated

☐ Other. Specify _____

**Part 2:**    List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No.  You have nothing to report in this part.  Submit this form to the court with your other schedules.

   ☐ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

Total claim

Debtor 1    Michael                                                                           Case Number *(if known)* _____

First Name          Middle Name                    Last Name

**4.1**   AT&T                                      **Last 4 digits of account number** __ __ __ __           $ 900.00

Creditor's Name

PO Box 8212                                         **When was the debt incurred?** _____

Number        Street

_____                     **As of the date you file, the claim is:** Check all that apply.

Aurora              IL    60572-8212               ☐ Contingent
City               State   Zip Code                ☐ Unliquidated
**Who owes the debt?** Check one.                  ☐ Disputed
☐ Debtor 1 only
☐ Debtor 2 only                                    **Type of NONPRIORITY unsecured claim:**
☐ Debtor 1 and Debtor 2 only                       ☐ Student loans.
☐ At least one of the debtors and another          ☐ Obligations arising out of a separation agreement or divorce
☐ **Check if this claim relates to a**                that you did not report as priority claims
   **community debt**                              ☐ Debts to pension or profit-sharing plans, and other similar debts
**Is the claim subject to offest?**
■ No                                               ■ Other. Specify   Utility Bills/Cellular Service
☐ Yes

**4.2**   Comcast                                   **Last 4 digits of account number** __ __ 3988          $ 604.00

Creditor's Name

800 Sw 39Th St                                     **When was the debt incurred?** 2016-2016

Number        Street

_____                     **As of the date you file, the claim is:** Check all that apply.

Renton              WA    98057                    ☐ Contingent
City               State   Zip Code                ☐ Unliquidated
**Who owes the debt?** Check one.                  ☐ Disputed
■ Debtor 1 only
☐ Debtor 2 only                                    **Type of NONPRIORITY unsecured claim:**
☐ Debtor 1 and Debtor 2 only                       ☐ Student loans.
☐ At least one of the debtors and another          ☐ Obligations arising out of a separation agreement or divorce
☐ **Check if this claim relates to a**                that you did not report as priority claims
   **community debt**                              ☐ Debts to pension or profit-sharing plans, and other similar debts
**Is the claim subject to offest?**
■ No                                               ■ Other. Specify   Collecting for Creditor
☐ Yes

**4.3**   First Premier BANK                        **Last 4 digits of account number** __ __ NULL          $ 444.00

Creditor's Name

601 S Minnesota Ave                                **When was the debt incurred?** 2014-2015

Number        Street

_____                     **As of the date you file, the claim is:** Check all that apply.

Sioux Falls         SD    57104                    ☐ Contingent
City               State   Zip Code                ☐ Unliquidated
**Who owes the debt?** Check one.                  ☐ Disputed
■ Debtor 1 only
☐ Debtor 2 only                                    **Type of NONPRIORITY unsecured claim:**
☐ Debtor 1 and Debtor 2 only                       ☐ Student loans.
☐ At least one of the debtors and another          ☐ Obligations arising out of a separation agreement or divorce
☐ **Check if this claim relates to a**                that you did not report as priority claims
   **community debt**                              ☐ Debts to pension or profit-sharing plans, and other similar debts
**Is the claim subject to offest?**
■ No                                               ■ Other. Specify   Credit Card or Credit Use
☐ Yes

Debtor 1    Michael _____ Caldwell _____    Case Number *(if known)* _____
             First Name          Middle Name              Last Name

| **Part 2:** | **Your NONPRIORITY Unsecured Claims - Continuation Page** |
|---|---|

| After listing any entries on this page, number them beginning with 4.4, followed by 4.5, and so forth. | Total Claim |
|---|---|

**4.4**  Illinois Lending CORP
Creditor's Name

2250 E Devon Ave Ste 352
Number        Street

_____

Des Plaines              IL    60018
City                    State  Zip Code

**Who owes the debt? Check one.**
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

Last 4 digits of account number ___ 4739 ___        $ 354.00

When was the debt incurred?      2017-2017

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans.
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   Collecting for Creditor

---

**4.5**  Prestige Financial SVC
Creditor's Name

1420 S 500 W
Number        Street

_____

Salt Lake City           UT    84115
City                    State  Zip Code

**Who owes the debt? Check one.**
- ☐ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

Last 4 digits of account number ___ ___ ___ ___        $ 5,976.00

When was the debt incurred?      _____

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans.
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   _____

---

**4.6**  Verizon Wireless
Creditor's Name

16 Mcleland Rd
Number        Street

_____

Saint Cloud              MN    56303
City                    State  Zip Code

**Who owes the debt? Check one.**
- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim relates to a community debt**

**Is the claim subject to offset?**
- ■ No
- ☐ Yes

Last 4 digits of account number ___ 8380 ___        $ 909.00

When was the debt incurred?      2016-2016

**As of the date you file, the claim is:** Check all that apply.
- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**
- ☐ Student loans.
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify   Unknown Credit Extension

---

Debtor 1    Michael _____     Case Number (if known) _____

First Name              Middle Name                Last Name

| Part 3: | List Others to Be Notified for a Debt That You Already Listed |
|---|---|

5.  Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For
    example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or
    2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the
    additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

Clerk, First Mun Div, 17M1128240
_____
Name

50 W. Washington St., Rm. 1001
_____
Number        Street

_____

Chicago                          IL    60602
_____
City                        State    Zip Code

On which entry in Part 1 or Part 2 list the original creditor?

Line __5__ of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims

☒ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ____ ____ ____ ____

Torch Legal, 17M1128240
_____
Name

820 East Terra Cotta Ave Ste 207
_____
Number        Street

_____

Crystal Lake                     IL    60014
_____
City                        State    Zip Code

On which entry in Part 1 or Part 2 list the original creditor?

Line __5__ of (Check one):

☐ Part 1: Creditors with Priority Unsecured Claims

☒ Part 2: Creditors with Nonpriority Unsecured Claims

Last 4 digits of account number ____ ____ ____ ____

Debtor 1    Michael                                             Caldwell                                    Case Number *(if known)* _____

　　　　　First Name　　　　　　　Middle Name　　　　　　　Last Name

| **Part 4:** | **Add the Amounts for Each Type of Unsecured Claim** |
|---|---|

6. **Total the amounts of certain types of unsecured claims.  This information is for statistical reporting purposes only. 28 U.S.C. § 159.
   Add the amounts for each type of unsecured claim.**

|  |  |  | **Total claim** |
|---|---|---|---|
| **Total claims from Part 1** | 6a. **Domestic support obligations** | 6a. | $ 0.00 |
|  | 6b. **Taxes and Certain other debts you owe the government** | 6b. | $ 700.00 |
|  | 6c. **Claims for death or personal injury while you were intoxicated** | 6c. | $ 0.00 |
|  | 6d. **Other.**  Add all other priority unsecured claims. Write that amount here. | 6d. | $ 0.00 |
|  | 6e. **Total.**  Add lines 6a through 6d. | 6e. | $ 700.00 |

|  |  |  | **Total claim** |
|---|---|---|---|
| **Total claims from Part 2** | 6f. **Student loans** | 6f. | $ 0.00 |
|  | 6g. **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ 0.00 |
|  | 6h. **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ 0.00 |
|  | 6i. **Other.**  Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ 9,187.00 |
|  | 6j. **Total.**  Add lines 6f through 6i. | 6j. | $ 9,187.00 |

Fill in this information to identify your case:

| Debtor 1 | Michael | | Caldwell |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the : ___NORTHERN___ District of _ILLINOIS___
(State)

Case Number _____
(if known)

☐ Check if this is an amended filing

## Official Form 106G

## Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**

☐ No.  Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.

☑ Yes. Fill in all of the information below even if the contracts or leases are listed in *Schedule A/B: Property* (Official Form 106A/B)

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| | Person or company with whom you have the contract or lease | State what the contract or lease is for |
|---|---|---|
| 2.1 | Renee Buchanan<br>Name<br>11342 S. Throop<br>Number      Street<br>Chicago                    IL    60653<br>City                    State  Zip Code | Tenant |
| 2.2 | <br>Name<br><br>Number      Street<br><br>City                    State  Zip Code | |
| 2.3 | <br>Name<br><br>Number      Street<br><br>City                    State  Zip Code | |
| 2.4 | <br>Name<br><br>Number      Street<br><br>City                    State  Zip Code | |
| 2.5 | <br>Name<br><br>Number      Street<br><br>City                    State  Zip Code | |

**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Michael | | Caldwell |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the :   NORTHERN   District of   ILLINOIS

(State)

Case Number _____
(If known)

☐ Check if this is an
amended filing

## Official Form 106H

### Schedule H: Your Codebtors

12/15

Codebtors are people or entities who are also liable for any debts you may have. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, and number the entries in the boxes on the left. Attach the Additional Page to this page. On the top of any Additional Pages, write your name and case number (if known). Answer every question.

1. **Do you have any codebtors?** (If you are filing a joint case, do not list either spouse as a codebtor.)

   ☑ No.

   ☐ Yes

2. **Within the last 8 years, have you lived in a community property state or territory?** *(Community property states and territories include* Arizona, California, Idaho, Lousiiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)

   ☑ No.  Go to line 3.

   ☐ Yes.  Did your spouse, former spouse, or legal equivalent live with you at the time?

       ☐ No

       ☐ Yes.  Inwhich community state or territory did you live? _____.  Fill in the name and current address of that person.

       _____
       Name of your spouse, former spouse or legal equivalent

       _____
       Number     Street

       _____
       City                    State           Zip Code

3. **In Column 1, list all of your codebtors. Do not include your spouse as a codebtor if your spouse is filing with you. List the person shown in line 2 again as a codebtor only if that person is a guarantor or cosigner. Make sure you have listed the creditor on Schedule D (Official Form 106D), Schedule E/F (Official Form 106E/F), or Schedule G (Official Form 106G). Use Schedule D, Schedule E/F, or Schedule G to fill out Column 2.**

| Column 1: **Your codebtor** | Column 2: **The creditor to whom you owe the debt** |
|---|---|
| | Check all schedules that apply: |
| **3.1** _____ <br> Name <br> _____ <br> Number     Street <br> _____ <br> City          State     Zip Code | ☐ Schedule D, line _____ <br> ☐ Schedule E/F, line _____ <br> ☐ Schedule G, line _____ |
| **3.2** _____ <br> Name <br> _____ <br> Number     Street <br> _____ <br> City          State     Zip Code | ☐ Schedule D, line _____ <br> ☐ Schedule E/F, line _____ <br> ☐ Schedule G, line _____ |
| **3.3** _____ <br> Name <br> _____ <br> Number     Street <br> _____ <br> City          State     Zip Code | ☐ Schedule D, line _____ <br> ☐ Schedule E/F, line _____ <br> ☐ Schedule G, line _____ |

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | Michael                                    Caldwell |
| | First Name          Middle Name          Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name          Middle Name          Last Name |
| United States Bankruptcy Court for the : | NORTHERN DISTRICT OF ILLINOIS |
| Case Number | _____ |
| (If known) | |

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition
chapter 13 income as of the following date:

_____
MM / DD / YYYY

## Official Form 106I

## Schedule I: Your Income

12/15

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Employment |
|---|---|

| | | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|---|
| 1. | Fill in your employment information | | |
| | If you have more than one job, attach a separate page with information about additional employers.<br><br>Include part-time, seasonal, or self-employed work.<br><br>Occupation may Include student or homemaker, if it applies. | Employment status<br>[X] Employed<br>[ ] Not employed | [ ] Employed<br>[ ] Not employed |
| | Occupation | **Bus Driver** | |
| | Employers name | **Aries Charter Transportation** | |
| | Employers address | **931 W. 75th Ste. 137#258**<br>**Naperville, IL 60565** | , |
| | How long employed there? | **Since 5/1/2014** | |

| Part 2: | Give Details About Monthly Income |
|---|---|

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | List monthly gross wages, salary and commissions (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $2,564.29 | $0.00 |
| 3. | Estimate and list monthly overtime pay. | $0.00 | $0.00 |
| 4. | Calculate gross income. Add line 2 + line 3. | **$2,564.29** | **$0.00** |

Debtor 1 ____Michael_____Caldwell_____   Case Number *(if known)* _____
     First Name        Middle Name       Last Name

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 4. | **$2,564.29** | **$0.00** |

**5. List all payroll deductions:**

| | | | |
|---|---|---|---|
| 5a. **Tax, Medicare, and Social Security deductions** | 5a. | $715.30 | $0.00 |
| 5b. **Mandatory contributions for retirement plans** | 5b. | $0.00 | $0.00 |
| 5c. **Voluntary contributions for retirement plans** | 5c. | $0.00 | $0.00 |
| 5d. **Required repayments of retirement fund loans** | 5d. | $0.00 | $0.00 |
| 5e. **Insurance** | 5e. | $0.00 | $0.00 |
| 5f. **Domestic support obligations** | 5f. | $0.00 | $0.00 |
| 5g. **Union dues** | 5g. | $0.00 | $0.00 |
| 5h. **Other deductions. Specify: _____** | 5h. | $0.00 | $0.00 |
| 6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h. | 6. | $715.30 | $0.00 |
| 7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4. | 7. | $1,848.99 | $0.00 |

**8. List all other income regularly received:**

| | | | |
|---|---|---|---|
| 8a. **Net income from rental property and from operating a business, profession, or farm**<br><br>Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income. | 8a. | $0.00 | $0.00 |
| 8b. **Interest and dividends** | 8b. | $0.00 | $0.00 |
| 8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**<br><br>Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement. | 8c. | $ 0.00 | $ 0.00 |
| 8d. **Unemployment compensation** | 8d. | $0.00 | $0.00 |
| 8e. **Social Security** | 8e. | $0.00 | $0.00 |
| 8f. **Other government assistance that you regularly receive**<br><br>Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.<br>Specify: _____ | 8f. | $0.00 | $0.00 |
| 8g. **Pension or retirement income** | 8g. | $0.00 | $0.00 |
| 8h. **Other monthly income. Specify:** ____Tax refunds,____ | 8h. | $110.00 | $0.00 |
| 9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h. | 9. | $110.00 | $0.00 |

| | | | | | |
|---|---|---|---|---|---|
| 10. **Calculate monthly income.** Add line 7 + line 9.<br>Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse. | 10. | **$1,958.99** | + | **$0.00** | = | **$1,958.99** |

11. **State all other regular contributions to the expenses that you list in *Schedule J.***

Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.

Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J.*

Specify: _____

| | | |
|---|---|---|
| | 11. | $0.00 |

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
Write that amount on the *Summary of Schedules* and *Statistical Summary of Certain Liabilities and Related Data*, if it applies

| | | |
|---|---|---|
| | 12. | **$1,958.99** |

13. **Do you expect an increase or decrease within the year after you file this form?**

[x] No.

[ ] Yes. Explain: _____

**Fill in this information to identify your case:**

Debtor 1    Michael _____ Caldwell _____
              First Name    Middle Name    Last Name

Debtor 2 _____
(Spouse, if filing)    First Name    Middle Name    Last Name

United States Bankruptcy Court for the : __NORTHERN DISTRICT OF ILLINOIS__

Case Number _____
(If known)

Check if this is:

☐ An amended filing

☐ A supplement showing post-petition chapter 13 income as of the following date:

_____
MM / DD / YYYY

☐ A separate filing for Debtor 2 because Debtor 2 maintains a separate household.

## Official Form 106J

# Schedule J: Your Expenses

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Describe Your Household |
| --- | --- |

**1. Is this a joint case?**

☒ No.  Go to line 2.

☐ Yes. **Does Debtor 2 live in a separate household?**

   ☐ No.

   ☐ Yes. Debtor 2 must file a separate Schedule J.

**2. Do you have dependents?**

Do not list Debtor 1 and Debtor 2.

Do not state the dependents' names.

☒ No

☐ Yes. Fill out this information for each dependent.............................

| Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
| --- | --- | --- |
| _____ | _____ | ☒ No / ☐ Yes |
| _____ | _____ | ☒ No / ☐ Yes |
| _____ | _____ | ☒ No / ☐ Yes |
| _____ | _____ | ☒ No / ☐ Yes |
| _____ | _____ | ☒ No / ☐ Yes |

**3. Do your expenses include expenses of people other than yourself and your dependents?**

☒ No

☐ Yes

| Part 2: | Estimate Your Ongoing Monthly Expenses |
| --- | --- |

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental *Schedule J*, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on *Schedule I: Your Income* (Official Form 106I.)

|  | Your expenses |
| --- | --- |
| **4. The rental or home ownership expenses for your residence.** Include first mortgage payments and any rent for the ground or lot.  4. | $750.00 |
| If not included in line 4: |  |
| 4a. Real estate taxes  4a. | $0.00 |
| 4b. Property, homeowner's, or renter's insurance  4b. | $0.00 |
| 4c. Home maintenance, repair, and upkeep expenses  4c. | $30.00 |
| 4d. Homeowner's association or condominium dues  4d. | $0.00 |

Debtor 1 __Michael_____Caldwell_____
    First Name          Middle Name          Last Name

Case Number *(if known)* _____

| | | Your expenses |
|---|---|---|
| 5. | **Additional Mortgage payments for your residence**, such as home equity loans | 5. $0.00 |
| 6. | **Utilities:** | |
| | 6a.   Electricity, heat, natural gas | 6a. $60.00 |
| | 6b.   Water, sewer, garbage collection | 6b. $0.00 |
| | 6c.   Telephone, cell phone, internet, satellite, and cable service | 6c. $216.00 |
| | 6d.   Other. Specify:_____ | 6d. $ 0.00 |
| 7. | **Food and housekeeping supplies** | 7. $300.00 |
| 8. | **Childcare and children's education costs** | 8. $0.00 |
| 9. | **Clothing, laundry, and dry cleaning** | 9. $70.00 |
| 10. | **Personal care products and services** | 10. $50.00 |
| 11. | **Medical and dental expenses** | 11. $30.00 |
| 12. | **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. $250.00 |
| 13. | **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. $0.00 |
| 14. | **Charitable contributions and religious donations** | 14. $0.00 |
| 15. | **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | |
| | 15a. Life insurance | 15a. $0.00 |
| | 15b. Health insurance | 15b. $0.00 |
| | 15c. Vehicle insurance | 15c. $0.00 |
| | 15d. Other insurance. Specify:_____ | 15d. $0.00 |
| 16. | **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: _____ | 16. $0.00 |
| 17. | **Installment or lease payments:** | |
| | 17a. Car payments for Vehicle 1 | 17a. $0.00 |
| | 17b. Car payments for Vehicle 2 | 17b. $0.00 |
| | 17c. Other. Specify:_____ | 17c. $0.00 |
| | 17d. Other. Specify:_____ | 17d. $0.00 |
| 18. | **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form 106I).** | 18. $0.00 |
| 19. | **Other payments you make to support others who do not live with you.** Specify:_____ | 19. $0.00 |
| 20. | **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | |
| | 20a. Mortgages on other property | 20a. $ 0.00 |
| | 20b. Real estate taxes | 20b. $ 0.00 |
| | 20c. Property, homeowner's, or renter's insurance | 20c. $ 0.00 |
| | 20d. Maintenance, repair, and upkeep expenses | 20d. $ 0.00 |
| | 20e. Homeowner's association or condominium dues | 20e. $ 0.00 |

Debtor 1    Michael _____ Caldwell _____
            First Name        Middle Name          Last Name

Case Number (if known) _____

| | | | |
|---|---|---|---|
| 21. | **Other**. Specify: _____ | 21. | $0.00 |
| 22.. | **Your monthly expense:** Add lines 4 through 21. The result is your monthly expenses. | 22. | $1,756.00 |

23. **Calculate your monthly net income.**

| | | | |
|---|---|---|---|
| 23a. | Copy line 12 (your comibined monthly income) from *Schedule I*. | 23a. | $1,958.99 |
| 23b. | Copy your monthly expenses from line 22 above. | 23b.− | $1,756.00 |
| 23c. | Subtract your monthly expenses from your monthly income. The result is your *monthly net income*. | 23c. | **$202.99** |

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

For example, do you expect to finish paying for your car loan within the year or do you expect your mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

[X] No

[ ] Yes.    Explain Here:

**Fill in this information to identify your case:**

Debtor 1    Michael _____ Caldwell _____
            First Name          Middle Name              Last Name

Debtor 2    _____
(Spouse, if filing)   First Name      Middle Name           Last Name

United States Bankruptcy Court for the : ___NORTHERN___ District of __ILLINOIS__
                                                              (State)

Case Number _____
(If known)

☐ Check if this is an
   amended filing

## Official Form 106 Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Sign Below

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

☑ No

☐ Yes.  Name of Person _____.    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

✘ /s/ Michael  Caldwell _____          ✘ _____
Signature of Debtor 1                             Signature of Debtor 2

Date  06/25/2018 _____                    Date _____
       MM / DD / YYYY                                    MM / DD / YYYY

**Fill in this information to identify your case:**

Debtor 1  Michael _____ Caldwell _____
　　　　　First Name　　　Middle Name　　　Last Name

Debtor 2 _____
(Spouse, if filing)  First Name　　Middle Name　　　Last Name

United States Bankruptcy Court for the : __NORTHERN__ District of __ILLINOIS__
　　　　　　　　　　　　　　　　　　　　　　　　　　　(State)

Case Number _____
(If known)

☐ Check if this is an amended filing

Official Form 107

## Statement of Financial Affairs for Individuals Filing for Bankruptcy

04/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1:　Give Details About Your Marital Status and Where You Lived Before

**01. What is your current marital status?**

☐ Married

■ Not married

**02 During the last 3 years, have you lived anywhere other than where you live now?**

■ No.

☐ Yes. List all of the places you lived in the last 3 years.  Do not include where you live now.

| Debtor 1 | Dates Debtor 1 lived there | Debtor 2: | Dates Debtor 2 lived there |
|---|---|---|---|

**03 Within the last 8 years, did you ever live with a spouse or legal equivalent in a community property state or territory? (Community property states and territories include Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, and Wisconsin.)**

■ No.

☐ Yes. Make sure you fill out Schedule H: Your Codebtors (Official Form 106H).

### Part 2:　Explain the Sources of Your Income

Debtor 1    Michael _____ Caldwell _____    Case Number *(if known)* _____
First Name        Middle Name           Last Name

---

**04  Did you have any income from employment or from operating a business during this year or the two previous calendar years?**

Fill in the total amount of income you received from all jobs and all businesses, including part-time activities.

If you are filing a joint case and you have income that you receive together, list it only once under Debtor 1.

☐ No.
■ Yes. Fill in the details

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Check all that apply | Gross income<br>(before deductions and<br>exclusions) | Sources of income<br>Check all that apply | Gross income<br>(before deductions and<br>exclusions) |
| From January 1 of current year until<br><br>the date you filed for bankruptcy: | ■ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | $14,202 | ☐ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | _____ |
| For last calendar year:<br><br>(January 1 to December 31, 2017) | ■ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | $39,647 | ☐ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | _____ |
| For the calendar year before that:<br><br>(January 1 to December 31, 2016) | ■ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | $33,296 | ☐ Wages, commissions,<br>bonuses, tips<br>☐ Operating a business | _____ |

**05  Did you receive any other income during this year or the two previous calendar years?**

Include income regardless of whether that income is taxable. Examples of other income are alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings. If you are filing a joint case and you have income that you received together, list it only once under Debtor 1.

List each source and the gross income from each source separately. Do not include income that you listed in line 4.

■ No.
☐ Yes. Fill in the details

| | Debtor 1 | | Debtor 2 | |
|---|---|---|---|---|
| | Sources of income<br>Describe below. | Gross income<br>(before deductions and<br>exclusions) | Sources of income<br>Describe below. | Gross income<br>(before deductions and<br>exclusions) |

**Part 3:    List Certain Payments You Made Before You Filed for Bankruptcy**

---

Debtor 1    Michael _____ Caldwell _____    Case Number (if known) _____

      First Name           Middle Name           Last Name

---

**06**   **Are either Debtor 1's or Debtor 2's debts primarily consumer debts?**

☐ **No. Neither Debtor 1 nor Debtor 2 has primarily consumer debts.** Consumer debts are defined in 11 U.S.C. § 101(8) as

"incurred by an individual primarily for a personal, family, or household purpose."

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $6,425* or more?

☐ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $6,425* or more in one or more payments and the
total amount you paid that creditor. Do not include payments for domestic support obligations, such as
child support and alimony. Also, do not include payments to an attorney for this bankruptcy case.

*\* Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.*

■ **Yes. Debtor 1 or Debtor 2 or both have primarily consumer debts.**

During the 90 days before you filed for bankruptcy, did you pay any creditor a total of $600 or more?

■ No. Go to line 7.

☐ Yes. List below each creditor to whom you paid a total of $600 or more and the total amount you paid that
creditor. Do not include payments for domestic support obligations, such as child support and
alimony. Also, do not include payments to an attorney for this bankruptcy case.

| | Dates of payments | Total amount paid | Amount you still owe | Was this payment for... |
|---|---|---|---|---|
| | | | | |

**07**   Within 1 year before you filed for bankruptcy, did you make a payment on a debt you owed anyone who was an insider?
Insiders include your relatives; any general partners; relatives of any general partners; partnerships of which you are a general partner;
corporations of which you are an officer, director, person in control, or owner of 20% or more of their voting securities; and any managing
agent, including one for a business you operate as a sole proprietor. 11 U.S.C. § 101. Include payments for domestic support obligations,
such as child support and alimony.

■ No.
☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment |
|---|---|---|---|---|
| | | | | |

**08**   Within 1 year before you filed for bankruptcy, did you make any payments or transfer any property on account of a debt that benefited
an insider?
Include payments on debts guaranteed or cosigned by an insider.

■ No.
☐ Yes. List all payments to an insider.

| | Dates of payment | Total amount paid | Amount you still owe | Reason for this payment Include creditor's name |
|---|---|---|---|---|
| | | | | |

---

| **Part 4:** | **Identify Legal actions, Repossessions, and Foreclosures** |
|---|---|

**09**   Within 1 year before you filed for bankruptcy, were you a party in any lawsuit, court action, or administrative proceeding?
List all such matters, including personal injury cases, small claims actions, divorces, collection suits, paternity actions, support or custody
modifications, and contract disputes.

☐ No.
■ Yes. Fill in the details.

| | Nature of the case | Court or agency | Status of the case |
|---|---|---|---|
| Prestige Financial Services VS Michael<br>Caldwell<br>CASE NUMBER#17M1128240<br>_____ | Collection | Circuit Court of Cook County, First<br>Municipal Division<br>_____<br>_____ | ☐ Pending<br>☐ On appeal<br>■ Concluded |

| Debtor 1 | Michael | | Caldwell | | Case Number (if known) _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

10. Within 1 year before you filed for bankruptcy, was any of your property repossessed, foreclosed, garnished, attached, seized, or levied?
Check all that apply and fill in the details below.

   ☒ No. Go to line 11
   ☐ Yes. Fill in the information below.

11. Within 90 days before you filed for bankruptcy, did any creditor, including a bank or financial institution, set off any amounts from your accounts
or refuse to make a payment because you owed a debt?

   ☒ No. Go to line 11
   ☐ Yes. Fill in the information below.

12. Within 1 year before you filed for bankruptcy, was any of your property in the possession of an assignee for the benefit of creditors, a
court-appointed receiver, a custodian, or another official?

   ☒ No.
   ☐ Yes.

**Part 5:    List Certain Gifts and Contributions**

13. Within 2 years before you filed for bankruptcy, did you give any gifts with a total value of more than $600 per person?

   ☒ No.
   ☐ Yes. Fill in the details for each gift.

14. Within 2 years before you filed for bankruptcy, did you give any gifts or contributions with a total value of more than $600 to any charity?

   ☒ No.
   ☐ Yes. Fill in the details for each gift.

**Part 6:    List Certain Losses**

15. Within 1 year before you filed for bankruptcy or since you filed for bankruptcy, did you lose anything because of theft, fire, other disaster, or
gambling?

   ☒ No.
   ☐ Yes. Fill in the details for each gift.

**Part 7:    List Certain Payments or Transfers**

16. Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone you
consulted about seeking bankruptcy or preparing a bankruptcy petition?
Include any attorneys, bankruptcy petition preparers, or credit counseling agencies for services required in your bankruptcy.

   ☐ No.
   ☒ Yes. Fill in the details

| Party Contact Info | Description and value of any property transferred | Date payment or transfer | Amount of payment |
|---|---|---|---|
| Geraci Law L.L.C. <br> 55 E. Monroe Street #3400 <br> Chicago,IL 60603 <br> _____ | | | Payment/Value: <br> $4,000.00: $0.00 paid prior to filing, balance to be paid through the plan. |

---

Debtor 1   Michael _____ Caldwell _____   Case Number *(if known)* _____

First Name          Middle Name          Last Name

| Party Contact Info | Description and value of any property transferred | Date payment or transfer | Amount of payment |
|---|---|---|---|
| Hananwill Credit Counseling | Credit Counseling Services | 2018 | $25.00 |
| 115 N. Cross St. | | | |
| Robinson, IL 62454 | | | |
| | | | |

17.  Within 1 year before you filed for bankruptcy, did you or anyone else acting on your behalf pay or transfer any property to anyone who promised to help you deal with your creditors or to make payments to your creditors?
Do not include any payment or transfer that you listed on line 16.

■ No.
☐ Yes. Fill in the details.

18.  Within 2 years before you filed for bankruptcy, did you sell, trade, or otherwise transfer any property to anyone, other than property transferred in the ordinary course of your business or financial affairs?
Include both outright transfers and transfers made as security (such as the granting of a security interest or mortgage on your property).
Do not include gifts and transfers that you have already listed on this statement.

■ No.
☐ Yes. Fill in the details for each gift.

19.  Within 10 years before you filed for bankruptcy, did you transfer any property to a self-settled trust or similar device of which you are a beneficiary? (These are often called asset-protection devices.)

■ No.
☐ Yes. Fill in the details for each gift.

**Part 8:**   List Certain Financial Accounts, Instruments, Safe Deposit Boxes, and Storage Units

20.  Within 1 year before you filed for bankruptcy, were any financial accounts or instruments held in your name, or for your benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; shares in banks, credit unions, brokerage houses, pension funds, cooperatives, associations, and other financial institutions.

■ No.
☐ Yes. Fill in the details.

| | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

21.  Do you now have, or did you have within 1 year before you filed for bankruptcy, any safe deposit box or other depository for securities, cash, or other valuables?

■ No.
☐ Yes. Fill in the details.

| | Who else had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|

22.  Have you stored property in a storage unit or place other than your home within 1 year before you filed for bankruptcy?

■ No.
☐ Yes. Fill in the details.

| | Who else has or had access to it? | Describe the contents | Do you still have it? |
|---|---|---|---|

**Part 9:**   Identify Property You Hold or Control for Someone Else

Debtor 1   Michael_____Caldwell_____   Case Number (if known) _____
            First Name    Middle Name    Last Name

---

23. **Do you hold or control any property that someone else owns?** Include any property you borrowed from, are storing for, or hold in trust for someone.

☒ No.
☐ Yes. Fill in the details.

| Where is the property? | Describe the property | Value |
|---|---|---|

---

### Part 10:   Give Details About Environmental Information

For the purpose of Part 10, the following definitions apply:

◻ **Environmental law** means any federal, state, or local statute or regulation concerning pollution, contamination, releases of hazardous or toxic substances, wastes, or material into the air, land, soil, surface water, groundwater, or other medium, including statutes or regulations controlling the cleanup of these substances, wastes, or material.

◻ **Site** means any location, facility, or property as defined under any environmental law, whether you now own, operate, or utilize it or used to own, operate, or utilize it, including disposal sites.

◻ **Hazardous material** means anything an environmental law defines as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, contaminant, or similar term.

Report all notices, releases, and proceedings that you know about, regardless of when they occurred.

24. **Has any governmental unit notified you that you may be liable or potentially liable under or in violation of an environmental law?**

☒ No.
☐ Yes. Fill in the details.

| Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|

25. **Have you notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Fill in the details.

| Governmental unit | Environmental law, if you know it | Date of notice |
|---|---|---|

26. **Have you been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☒ No.
☐ Yes. Fill in the details.

| Court or agency | Nature of the case | Status of the case |
|---|---|---|

---

### Part 11:   Give Details About Your Business or Connections to Any Business

27. **Within 4 years before you filed for bankruptcy, did you own a business or have any of the following connections to any business?**

☐ A sole proprietor or self-employed in a trade, profession, or other activity, either full-time or part-time

☐ A member of a limited liability company (LLC) or limited liability partnership (LLP)

☐ A partner in a partnership

☐ An officer, director, or managing executive of a corporation

☐ An owner of at least 5% of the voting or equity securities of a corporation

☒ No. None of the above applies.  Go to Part 12.
☐ Yes. Check all that apply above and fill in the details below for each business.

28. **Within 2 years before you filed for bankruptcy, did you give a financial statement to anyone about your business?** Include all financial institutions, creditors, or other parties.

☒ No.
☐ Yes. Fill in the details.

| Date issued |
|---|

---

Debtor 1 _Michael_____Caldwell_____ Case Number *(if known)* _____

     First Name         Middle Name         Last Name

---

| **Part 12:** | **Sign Below** |
| --- | --- |

I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
**18 U.S.C. §§ 152, 1341, 1519, and 3571.**

 

**✗** __/s/ Michael  Caldwell_____     **✗** _____
Signature of Debtor 1                           Signature of Debtor 2

 

Date __06/25/2018_____             Date _____
     MM / DD / YYYY                        MM / DD / YYYY

 

**Did you attach additional pages to *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* (Official Form 107)?**

■ **No**
☐ **Yes**

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ **No**
☐ **Yes. Name of person** _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

---

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court

### NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

**In re**

**Michael  Caldwell  / Debtor**

Case No:

Chapter:   **Chapter 13**

### DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1.    Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and  that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | |
|---|---|
| For legal services, I have agreed to accept | **$4,000.00** |
| Prior to the filing of this statement I have received | **$0.00** |
| Balance Due | **$4,000.00** |

2.    The source of the compensation paid to me was:

■ Debtor(s)          ☐ Other: (specify)

3.    The source of compensation to be paid to me is:

■ Debtor(s)          ☐ Other: (specify)

4.    ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

☐ I have agreed to share the above-disclosed compensation with a other person or persons who are not members or associates of my law firm.  A copy of the agreement, together with a list of the names of the people sharing in the compensation, is attached.

5.    In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a.    Analysis of the debtor' s financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

b.    Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;

c.    Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

6.    By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceedings.

Date:  06/25/2018                              **/s/ Tarek Muhammad Khalil**
_Date_                                            _Signature of Attorney_

                                              Geraci Law L.L.C.
                                              _Name of law firm_

---

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

### RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
### CHAPTER 13 DEBTORS AND THEIR ATTORNEYS

**(Court-Approved Retention Agreement, Use for cases filed on or after September 19, 2016)**

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure, but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved this agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys, including how their attorneys will be paid for their services in the Chapter 13 case. By signing this agreement, debtors and their attorneys accept these responsibilities.

The Bankruptcy Code may require a debtor's attorney to provide the debtor with certain documents and agreements at the start of the representation. The terms of this court-approved agreement take the place of any conflicting provision in an earlier agreement. This agreement cannot be modified in any way by other agreements. Any provision of another agreement between the debtors and the attorney that conflicts with this agreement is void.

## A. BEFORE THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

THE ATTORNEY AGREES TO

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy Rule, and explain how and when the attorney's fees and the trustee's fees are determined and paid.



3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

## B. AFTER THE CASE IS FILED

THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor must also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce.)

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

THE ATTORNEY AGREES TO

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341 meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements, and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Prepare, file, and serve a notice of conversion to Chapter 7, pursuant to § 1307 (a) of the Bankruptcy Code and Local Bankruptcy Rule 1017-1.

17. Provide any other legal services necessary for the administration of the case.



**C.   *TERMINATION OR CONVERSION OF THE CASE AFTER ENTRY OF AN ORDER APPROVING FEES AND EXPENSES***

1. Approved fees and expenses paid under the provisions set out below are generally not refundable in the event that the case is dismissed prior to its completion, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If such a dismissal is due to a failure by the attorney, the court may order a refund of fees on motion by the debtor.

2. If the case is dismissed after approval of the fees and expenses but before payment of all allowed fees and expenses, the order entered by the Bankruptcy Court allowing the fees and expenses is not a judgment against the debtor for the unpaid fees and expenses based on contract law or otherwise.

3. If the case is converted to a case under chapter 7 after approval of the fees and expenses under this agreement but before the payment of all fees and expenses, the attorney will be entitled to an administrative claim in the chapter 7 case for any unpaid fees and expenses, pursuant to section 726(b) of the Bankruptcy Code, plus any conversion fee the attorney pays on behalf of the debtor.

**D.   *RETAINERS AND PREVIOUS PAYMENTS***

1. The attorney may receive a retainer or other payment before filing the case but may not receive fees directly from the debtor after the filing of the case. Unless the following provision is checked and completed, any retainer received by the attorney will be treated as a security retainer, to be placed in the attorney's client trust account until approval of a fee application by the court.

 The attorney seeks to have the retainer received by the attorney treated as an advance payment retainer, which allows the attorney to take the retainer into income immediately. The attorney hereby provides the following further information and representations:

(a)   The special purpose for the advance payment retainer and why it is advantageous to the debtor is as follows:  purpose:  provide some money for attorney without waiting 6 months.  Advantage to debtor: costs client less by reducing administrative expense and encouraging efficiency rather than charging by hour and submitting bills.

(b)   The retainer will not be held in a client trust account and will become property of the attorney upon payment and will be deposited into the attorney's general account;

(c)   The retainer is a flat fee for the services to be rendered during the chapter 13 case and will be applied for such services without the need for the attorney to keep detailed hourly time records for the specific services performed for the debtor;



(d)    Any portion of the retainer that is not earned or required for expenses will be refunded to the client; and

(e)    The attorney is unwilling to represent the debtor without receiving an advanced payment retainer because of the nature of the chapter 13 case, the fact that the great majority of services for such case are performed prior to its filing, and the risks associated with the representation of debtors in bankruptcy cases in general.

2. In any application for compensation the attorney must disclose to the court any fees or other compensation paid by the debtor to the attorney for any reason within the one year before the case filing.

## E.    CONDUCT AND DISCHARGE

1. Improper conduct by the attorney. If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objection with the court and request a hearing.

2. Improper conduct by the debtor. If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise engaging in improper conduct, the attorney may apply for a court order allowing the attorney to withdraw from the case.

3. *Discharge of the attorney*. The debtor may discharge the attorney at any time.

[Remaining page intentionally left blank]



*F.*     *ALLOWANCE AND PAYMENT OF ATTORNEYS FEES AND EXPENSES*

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a flat fee of $ 4,000.00

2. In addition, the debtor will pay the filing fee in the case and other expenses of $310.00

3. Before signing this agreement, the attorney has received ,$ ___*0*___

toward the flat fee, leaving a balance due of $ ___*4,000*___ ; and $ ___*310*___ for expenses,

leaving a balance due of $ ___*0*___

4. In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

Date: *6, 25, 2018*

Signed:

*[signature]*

Debtor(s)

_____          *[signature]*

Co-Debtor(s)                              Attorney for the Debtor(s)

Do not sign this agreement if the amounts are blank.

**Geraci Law L.L.C**
National Headquarters: 55 E. Monroe Street, #3400, Chicago, IL 60603
1-866-925-1313    www.infotapes.com

Date: **6/18/2018**          Consultation Attorney: **TAR**          Record # : **788-178**

# Attorney Retainer Agreement Chapter 13

x _M. C_   **The undersigned hires Geraci Law L.L.C. for representation in a Chapter 13 bankruptcy.** I have signed and received a copy of any "Court Approved Retention Agreement" (CARA) or "Rights and Responsiblities" (RR) between Chapter 13 Debtors and their Attorneys" Any terms that conflict with it are null and void.   I agree to comply with these terms. **Attorney fees for filed Chapter 13 Bankruptcy shall be $ _____ or the fee stated in the CARA or RR if applicable.** I have been advised of my Chapter 7 alternative and choose to file Chapter 13 instead even though it usually costs more. More than 1 attorney or paralegal will work on my case. **I will use CLIENT CORNER and read all material on it and the Geraci Law Website.**

x _M. C_   **FEES:** In addition to Attorney fees you agree to pay any court costs, educational course costs, $25 for postage; $15 for copies; PACER charges up to $5.00 where a motion to extend or impose stay is necessary and prior case was not with us; actual costs of certified mail. Any amount not paid by me prior to the case being filed shall be paid ahead of creditors through the Chapter 13 Trustee. The CARA fee is a flat fee, but my attorneys may apply to the court for additional fees based on the following hourly rates: Attorney- $275/hr; Senior Attorney- $375/hr; Supervising Attorney-$450/hr; Paralegal- $85/hr; Senior Paralegal-$150/hr. if allowed by the CARA or court order, such as excessive work, motions, evidentiary hearings, adversary proceedings or appeals. Fees are "flat fees" and "advance payment retainers" for pre-filing and pre-confirmation work, become property of this firm on payment, and are deposited into the firm's operating account. I can choose to pay on an hourly basis, but flat fee usually results in me paying less. Payments are applied to the "flat fee".  If this contract is terminated by either party prior to the filing of the case, we will refund unearned fees. If I close my file, my case is dismissed or breach this contract I agree to pay for the work done. In Wisconsin, I can submit fee disputes to binding arbitration within 30 days with the Wisconsin Lawyers fund for Client Protection(c/o State Bar of Wisconsin, P.O. Box 7158, Madison, WI 53707-7158) I assign to my attorney all amounts tendered as filing fees or court costs  and authorize my attorney to transfer said funds from his trust account to his operating account in payment of all outstanding fees owed by me if case is not filed.

x _M. C_   **Attorney fees and costs get paid before my creditors** before mortgage arrears, and vehicles scheduled to be paid in the plan, start getting paid.  Vehicles may be scheduled to get a small payment to cover depreciation each month, like $15-100, until attorney fees are paid, then the vehicle gets larger payments, so the vehicle is paid in about the same time as it would be if the attorney fees were not first.  RESULT:  if I fail to complete the plan, I may end up paying my attorney but not as much on my vehicle and mortgage arrears and other creditors, so I will to do my best to complete the plan.

x _M. C_   **Injury or other claims or property** I now have or acquire after filing Chapter 13, I must disclose to Geraci law and the Chapter 13 trustee and to the Bankruptcy Court and my creditors, in a filed amendment and obtain authority to keep them or pay those claims to the Trustee.

x _M. C_   **PLAN:** My estimated payment is $ **200** per month for **36** months based on the information I have provided, including income, expenses, assets and debts. The payment or length may need to be increased for all or part of the plan term. The Court, Chapter 13 Trustee or creditors could object to my proposed Chapter 13 payment, which may cause it to increase. **I agree to read my petition and plan and study it before signing it so I know what is included, INCLUDING what debts, assets property and exemptions I am claiming, and to make full disclosure to every question**

x _M. C_   **TAX REFUNDS or other income during plan:** I will send my IRS and state tax returns to my attorney or the Trustee each year. I will turn over refunds, additional income or assets to the Trustee unless I am already paying my creditors 100%. If my income or expenses change, my plan payment may have to change. If I am eligible to receive a tax refund during my Chapter 13, I may have to send it to the Chapter 13 Trustee unless I am specifically advised that I do not need to. If I receive any significant sums of money other than through employment, including but not limited to life insurance proceeds, workers compensation award, personal injury or other court settlement, I MUST notify my attorney immediately and I may have to pay some or all of the funds into my Chapter 13 plan.  I will make sure if I get INJURED or get A CLAIM after filing I WILL DISCLOSE IT BY AMENDING MY CASE

x _M. C_   **Plan payment includes** all debts I list, unless plan states otherwise:  I may be paying some creditors directly. **My plan payment does NOT include** use future mortgage, rent, condo fees and support payments; criminal fines/court fees; rent/lease arrears; student loan principal and interest unless 100% planned to unsecured creditors, sold property taxes; debts incurred after the case is filed, including any taxes or HOA fees as long as the property is in my name; other _____

x _M. C_   **Student loans:** are usually NEVER paid 100% in a Chapter 13, so my student loans will CONTINUE to accrue interest, and if I don't pay them directly they will be even larger at the end of the plan, so I have been told about this and I will deal with my student loans myself directly

x _M. C_   **Debts not discharged** if not paid in full: student loans; educational debts; tax debt interest; unfiled or late filed tax debts; undisclosed debts;support/maintenance debts; debts incurred by fraud, or debts listed in your red folder or found non-dischargeable by a Judge.

x _M. C_   **Our Representation** is limited to Bankruptcy Court until Discharge or case closing of this bankruptcy. We do not represent you in state court, or in loan modifications, short sales, etc. Any delay in filing could result in judgments or liens we can't eliminate in bankruptcy. When this case is closed by the Clerk or you receive a discharge, whichever is first, our representation of you ends.

x _M. C_   **Changes after this:** I cannot transfer any property or incur any credit or debt without the express permission of my attorney or the Court and I must make full disclosure of all income, expenses, debts and assets in my initial consultation and on my bankruptcy petition.

x _M. C_   **No Discharge** If I fail to remain current in a domestic support obligation (DSO), or fail to certify to the Court that I have remained current in DSO or mortgage payments, or if I fail to take my financial management class. I have received the 11 U.S C § 527(a) disclosures on a separate sheet.

x _Michael Caldwell_ 
Michael Caldwell (Debtor)

x _(signature)_                            X _____
Attorney for the Debtor(s)    Representing Geraci Law L.L.C.

X _____
(Joint Debtor)

Dated: _____

rev 171129

**FEE PRIORITY CHAPTER 13 DISCLOSURE:** This disclosure explains the payment structure in your Chapter 13 and its effects. It is a supplement to your signed Court Approved Retention Agreement, and does not change any of its terms.

**ATTORNEY FEES PAID THROUGH CHAPTER 13:** Before filing your Chapter 13, you paid $ _0.00_ toward our attorneys' fees for the bankruptcy. We agreed with you that the remaining balance on **attorneys' fees of $ _4,000.00_**, plus any costs advanced or billed, will be paid to us over time through your Trustee if the Court approves our Application. Pre-confirmation payments to Geraci Law LLC are held by the Trustee and disbursed to Geraci Law LLC upon confirmation or dismissal (whichever is earlier).

**ORDER OF PAYMENTS:** Unless treated otherwise in your Plan, creditor's claims will be paid by the Trustee pro rata in the following order: **(1)** post-filing mortgage payments (if being paid in the Chapter 13); **(2)** monthly payments on non-mortgage secured claims (such as secured car loans); **(3)** costs of administration (such as our remaining attorneys' fees balance above); **(4)** mortgage arrears; **(5)** priority unsecured claims other than costs of administration; **(6)** special class of unsecured claims; and **(7)** other unsecured claims. Your Chapter 13 does **NOT** propose to alter this order of payments.

**RATE OF PAYMENT IN YOUR PLAN:** Your Chapter 13 plan proposes to pay $ _200.00_ per month for at least _36_ months. This amount may change depending on various factors such objections or claims filed. The Trustee will deduct an estimated 4-9% fee on each payment you make. Under the above priority order and subject to court approval or subsequent amendments, the Trustee will pay, pursuant to confirmed plan terms, the following **estimated** amounts out of your monthly payment:

The Trustee will first deduct $ _10.20_ /month in fees, then the Trustee will pay creditors and attorney fees as follows:

1. Before Confirmation: $189.80/month to Geraci Law L.L.C.
2. After Confirmation: $189.80/month to Geraci Law L.L.C.
3. After our fees are paid off, the Trustee pays priority unsecured claims from funds available.
4. After priority unsecured claims are paid off, the Trustee pays other allowed unsecured claims pro rata from funds available until plan payments are complete.

**EFFECT ON YOUR CREDITORS DUE TO PRIORITY OF PAYMENTS:  Our attorneys' fees get paid before certain creditors as outlined above. If your Chapter 13 case is dismissed or converted to a Chapter 7 (if eligible), or you do not receive a discharge for any other reason, the balances owed to creditors could be larger (due to interest) or not as low as they would've been had you paid the creditors directly instead of paying the Trustee.**

**EFFECT ON YOU DUE TO PRIORITY OF PAYMENTS:** If your Chapter 13 case is dismissed or converted to a Chapter 7 (if eligible), or you do not receive a discharge for any other reason, this means that it may be more difficult or impossible to afford to catch up on unsecured loans (such as parking tickets which could lead to being on the boot list or cause drivers' license suspension). **Examples of reasons for dismissal include but are not limited to: failure to make the required Trustee payment, failure to turn over tax refunds if required, etc.**

**UNDERSTOOD & ACCEPTED BY SIGNATURE BELOW:**

X _Michael Caldwell_    6/25/18
Michael Caldwell            Date:

Date: _____

X _Tarek Khalil_
Tarek Khalil, Attorney for Geraci Law L.L.C.

Date: _6-25-18_

Chapter 13 Attorney Fee Priority Disclosure

788178

**GERACI LAW CLIENT REQUIREMENTS:**

Below are terms you agree to accept in order to be a Geraci Law Chapter 13 Client. By your signature and date below, you agree to comply with these terms throughout your Chapter 13.

1.  I will use the Geraci Law Client Corner and join texting with Geraci Law to communicate with my attorneys. I will read Mr. Geraci's Complete Book on Bankruptcy and all Geraci website info relating to Chapter 13, and all written instructions. I have read each page of my Petition and Plan and the Court Approved Retention Agreement.

2.  I will notify my attorneys if I move, change my phone number, change or lose my job, or have a change in income or expenses. I will disclose to the court any change in income or expenses during my Chapter 13.

3.  I will file required IRS and state tax returns on time, and send a copy of each to Geraci Law so they can send them to the Chapter 13 Trustee, UNLESS my attorney specifically informed me in writing that I am not required to do so.

4.  UNLESS my attorney specifically informs me in writing that I am not required to do so, will turn over my tax refund to the Trustee as an additional payment. Paying refunds to the Trustee will not shorten the term of my Chapter 13.

5.  I understand my plan payments start with my first paycheck after filing. If the payment is not deducted from my check, I must set it aside and pay the Trustee directly either by mail, phone or online.

6.  I will not get more credit or incur more debt while my Chapter 13 case is open UNLESS I get court approval for that.

7.  I will not settle any claim for money or inheritance acquired before or after filing UNLESS I get court approval to do so.

8.  If I get injured or damaged, acquire a claim or asset or inheritance, or win the lottery AFTER the date of filing of this case, I MUST disclose it to the court and cannot spend or dispose of any of these assets without PERMISSION FROM THE COURT. If Geraci Law is not my attorney for my claim, I will TELL the other attorney I am filing bankruptcy or have filed a bankruptcy. I cannot transfer any of my property unless I get court approval to do so.

9.  I am required to pay the following debts directly during my Chapter 13:_____

_____

10. Post-filing mortgage payments (check where applicable): ___paid by Trustee ___I pay direct to lender ___N/A

**UNDERSTOOD & ACCEPTED BY SIGNATURE BELOW:**

X _Michael Caldwell_   6-25-2018      X_____   _____

Michael Caldwell          Date:                                              Date:

X _____      6-25-18

Tarek Khalil, Attorney for Geraci Law L.L.C.         Date:

Chapter 13 Geraci Law Client Requirements

788178

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Michael  Caldwell / Debtor**

Bankruptcy Docket #:

Judge:

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

**Dated: 06/25/2018**

/s/ Michael  Caldwell

**Michael  Caldwell**

**X Date & Sign**

* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:  Fine
up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.

B 201A (Form 201A) (11/11)
In re   Michael Caldwell  / Debtor

# UNITED STATES BANKRUPTCY COURT

## NOTICE TO CONSUMER DEBTOR(S) UNDER §342(b)
## OF THE BANKRUPTCY CODE

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts:  (1) Describes briefly the services available from credit counseling services;  (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described.  Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition.  Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition.  In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address.  If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly- addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

## 1. Services Available from Credit Counseling Agencies

**With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis**.  The briefing must be given within 180 days  **before**  the bankruptcy filing.  The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator.  The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

**In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.**  The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

## 2. The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors

**Chapter 7**:  **Liquidation ($245 filing fee, $75 administrative fee, $15 trustee surcharge: Total fee $335**
Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose debts are primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7.  If your income is greater than the median income for your state of residence and family size, in some cases, the United States trustee (or bankruptcy administrator), the trustee, or creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code.  It is up to the court to decide whether the case should be dismissed.
Under chapter 7, you may claim certain of your property as exempt under governing law.  A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are

Form B 201A, Notice to Consumer Debtor(s)

In re   Michael  Caldwell / Debtor

Page 2

found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs.  Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

**Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)**

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

**Chapter 11:  Reorganization ($1,167 filing fee, $550 administrative fee: Total fee $1,717)**

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

**Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)**

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

**3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The

Dated: 06/25/2018

**/s/ Michael  Caldwell**

**Michael  Caldwell**

Dated: 06/25/2018

**/s/ Tarek Muhammad Khalil**

**Attorney: Tarek Muhammad Khalil**

| Debtor 1 | Michael | | Caldwell | | Case Number (if known) _____ |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

---

**Part 6:**    **Answer These Questions for Reporting Purposes**

**16. What kind of debts do you have?**

**16a. Are your debts primarily consumer debts?** *Consumer debts* are defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."

☐ No. Go to line 16b.
■ Yes. Go to line 17.

**16b. Are your debts primarily business debts?** *Business debts* are debts that you incurred to obtain money for a business or investment or through the operation of the business or investment.

☐ No. Go to line 16c.
☐ Yes. Go to line 17.

**16c.** State the type of debts you owe that are not consumer debts or business debts.

_____

---

**17. Are you filing under Chapter 7?**

**Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available for distribution to unsecured creditors?**

■ No. I am not filing under Chapter 7. Go to line 18.

☐ Yes. I am filing under Chapter 7. Do you estimate that after any exempt property is excluded and administrative expenses are paid that funds will be available to distribute to unsecured creditors?

☐ No.
☐ Yes.

---

**18. How many creditors do you estimate that you owe?**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999
☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000
☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

**19. How much do you estimate your assets to be worth?**

■ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**20. How much do you estimate your liabilities to be?**

■ $0-$50,000
☐ $50,001-$100,000
☐ $100,001-$500,000
☐ $500,001-$1 million
☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million
☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

---

**Part 7:**    **Sign Below**

**For you**

I have examined this petition, and I declare under penalty of perjury that the information provided is true and correct.

If I have chosen to file under Chapter 7, I am aware that I may proceed, if eligible, under Chapter 7, 11, 12, or 13 of title 11, United States Code. I understand the relief available under each chapter, and I choose to proceed under Chapter 7.

If no attorney represents me and I did not pay or agree to pay someone who is not an attorney to help me fill out this document, I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I understand making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

✗ _Michael Caldwell_                          ✗ _____
Signature of Debtor 1                           Signature of Debtor 2

Executed on 6 / 25 /2018                       Executed on _____
MM / DD / YYYY                                  MM / DD / YYYY

---

| Fill in this information to identify your case: | |
| --- | --- |

| | | |
| --- | --- | --- |
| Debtor 1 | Michael | Caldwell |
| | First Name       Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name       Middle Name | Last Name |
| United States Bankruptcy Court for the : | NORTHERN   District of  ILLINOIS | |
| | (State) | |
| Case Number _____ | | |
| (If known) | | |

☐ Check if this is an
amended filing

## Official Form 106 Dec

## Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Sign Below**

**Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?**

■ No

☐ Yes.  Name of Person _____.    Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X _____    X _____
Signature of Debtor 1                          Signature of Debtor 2

Date ___ / ___ /2018                         Date _____
     MM / DD / YYYY                               MM / DD / YYYY

Debtor 1    Michael                                    Caldwell                    Case Number (if known) _____
            First Name            Middle Name          Last Name

---

### Part 12:    Sign Below

I have read the answers on this Statement of Financial Affairs and any attachments, and I declare under penalty of perjury that the answers are true and correct. I understand that making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

X _Michael Caldwell_____          X _____
Signature of Debtor 1                       Signature of Debtor 2

Date _6_ / _25_ /2018                       Date _____
     MM / DD / YYYY                              MM / DD / YYYY

**Did you attach additional pages to** *Your Statement of Financial Affairs for Individuals Filing for Bankruptcy* **(Official Form 107)?**

■ No
☐ Yes

**Did you pay or agree to pay someone who is not an attorney to help you fill out bankruptcy forms?**

■ No
☐ Yes. Name of person _____. Attach the *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119).

Official Form 107    Record #  788178    Statement of Financial Affairs for Individuals Filing for Bankruptcy    page 7

# DISCLAIMER: Debtors have read and agree:

**1.** Divorce or family support debts to a spouse, ex-spouse, child, guardian ad litem or similar person or entity in connection with a separation agreement, divorce decree or court order are not dischargable. Priority support debts must be paid in full in your Chapter 13 or it cannot be confirmed. DEBTS YOU AGREED TO ASSUME IN MARITAL SETTLEMENT AGREEMENTS are NON-DISCHARGABLE if your ex-spouse files an adversary complaint, and the Judge rules that (a) you do not have the ability to pay the debt OR (b) discharging such debt would result in a benefit to you that outweighs the detriment to ex-spouse or your child. You agree to get advice in writing from your divorce attorney and send to us with copy of agreement. You must list any ex-spouse or spouse as a creditor. No guarantee any divorce debt is dischargable. Property you are still on title to, or have a right to in a divorce, may be taken by a Bankruptcy trustee in a Chapter 7 and sold, or may be disposable income in a 13.

**2.** Student loans and educational benefits are not discharged in Chapter 7 or 13 if government insured loan or owed to non-profit school unless you pay us to file a complaint within the bankruptcy to prove repayment would be an "undue hardship", and win. Interest on student loans continue to run while you are in a Chapter 13.

**3.** Cosigners, joint applicants, debts of persons other than debtor, debts incurred during marriage in community property states, or for family support are not discharged and joint, community or co-signers are not protected from collection unless you pay 100% of the debt. Creditors can collect from co-signors and put your bankruptcy on their credit report, and report them negatively to credit bureaus. You may prevent this by making the regular payments to the creditor. Creditors can liquidate collateral of your co-signer and refuse to continue payment in installments. Property you are joint on with other persons can be LIQUIDATED to pay your creditors.

**4.** TAX DEBTS. Most taxes are not discharged in bankruptcy. However, income tax debt (1040 type tax) can be discharged if the following four rules are met: (1). The tax return was DUE at least 3 YEARS (plus extensions) before the filing of your bankruptcy case. (2). You FILED your income tax return at least 2 YEARS before your bankruptcy was filed. (You did not file a return if the tax authority or IRS had to file one for you, or if you didn't send the return to the District Director) (3). You did not wilfully intend to evade the tax. (4). The tax must have been ASSESSED over 240 DAYS before the bankruptcy filing. We recommend you meet with the IRS or state department of revenue to make sure all the conditions have been met, before you hire us or file a bankruptcy. Fraudulent taxes and taxes on unfiled returns can be discharged in a Chapter 13 case. Time in an offers in compromise, & time in bankruptcy plus 6 months, will extend the above time periods. Employers' share of FICA & FUTA is dischargeable, but not trust fund taxes like the employee's funds or sales tax.

**5.** Fines, traffic tickets, parking tickets, penalties to governmental unit are not discharged in Chapter 7, may not be discharged in 13 without full payment.

**6.** Non filing spouse: If you file individually, your spouse is not our client. Only your debts are discharged. If you want to protect a non-filing spouse, pay their bills or file a joint case with them. Family expenses (medical bills, rent and necessities may be collected from a non-filing spouse). Wisconsin, community property is liable for community debts. **7.** DUI PERSONAL INJURIES, DEBTS YOU DON'T LIST are not discharged.

**8.** DEBTS where creditors successfully object to discharge may survive Creditors, the Trustee, or Court, can try to deny discharge based on many factors, **a.** Income sufficient to pay a percentage of your unsecured debt. **b.** Failure to keep books and records documenting your financial affairs. **c.** Luxury purchases or cash advances within 60 days of filing or without intent or ability to repay. **d.** Debts you made by false pretenses, breach of fiduciary duty, wilful and malicious injuries to others **e.** Benefit overpayments like aid or unemployment if a determination of fraud has been made before or during bankruptcy. **f.** Failure to appear at meetings, court dates, or co-operate with the Trustee.

**9.** INTEREST ON NON-DISCHARGEABLE DEBTS in a Chapter 13 continues to accrue, and CREDITORS WHO DO NOT FILE CLAIMS in your Chapter 13 plan within 90days (180 days for governmental units) the meeting of creditors, do not get paid. Your plan and their claim should provide for interest at contract rate, or you will have to pay the debt outside the Chapter 13 plan. Property taxes must be paid by you directly to avoid sale for delinquent taxes.

**10.** LIQUIDATION OF REAL AND PERSONAL PROPERTY. If you file a Chapter 7, any property that is not listed and claimed exempt on Schedule C pursuant to state or federal law is taken and sold by the trustee to pay creditors. You agree to assume the risk that your property will be taken and sold by the bankruptcy trustee (at or less than what it is worth) if we can't protect it under applicable state law. You get a discharge, but the trustee can take property not listed and exempted on schedules B and C and sell it for whatever price will provide some benefit to creditors.

**11.** CHANGE IN LAWS. Laws & court cases change constantly. We can file your case today if you pay us in full (some attorneys give credit, we don't) pay the filing fee and sign your petition in our main office. ANY DELAY either in hiring us, or after, IS YOUR REPSONSIBILITY. ADVERSE RULINGS Judges that sit in adjoining courtrooms can rule differently on the same facts. We can predict but can't guarantee a judge will or will not rule against you. You accept the risk of a judge ruling against you, as in any lawsuit.

**12.** PAYMENTS TO CREDITORS YOU PREFERRED to pay more than $600 in front of others, within 1 yr if a relative or insider, or within 90 days if another creditor, so don't pay off debts to keep credit cards or protect others. TRANSFERS OF PROPERTY within 4 years that made you unable to pay your debts at the time can be reversed by a Trustee and the transferee will have to give back the property you transferred.

**13.** SURRENDER OF PROPERTY Bankruptcy gets rid of debts, but real estate, condos and time shares remain in your name until a foreclosure sale or the lender accepts a deed in lieu of foreclosure. Turn condo keys over to condo association or remain liable for assessments after filing, and make sure you keep buildings & land insured and maintained and secured until it is taken back by lender or out of your name. If you let a house go vacant and pipes explode or someone gets killed in there you may be liable.

**14.** RIGHT TO RECEIVE inheritances, tax refunds, injury claims, compensation of any kind, insurance or realty commissions, are property of the bankruptcy estate and you will surrender these to the trustee unless they are claimed exempt on Schedule C, and no objection to your claim of exemption is upheld. Do not deduct extra money from taxes so you are entitled to a refund, change your W-9 if necessary.

**15.** JOINT ACCOUNT HOLDERS holders entire amount in the account could be taken by the trustee under Chapter 7.

**16.** MARRIED COUPLES GOING THROUGH DIVORCE: We have been advised to seek independent counsel for our bankruptcy. We understand that Peter Francis Geraci does not represent us with regard to any divorce matters and does not make any representations regarding what will happen in divorce court. We have decided to file a bankruptcy together dispite the fact that we are getting a divorce and our interests could be adverse. We have agreed to cooperate with each other in this joint bankruptcy.

**17.** AUTO LEASES & INSTALLMENT AGREEMENTS to purchase things, leases and almost all contracts will be void after bankruptcy. They are "executory contracts", and if they are of no benefit to the bankruptcy estate and not assumed within 60 days of filing, they are void. Debtors have been warned of this, and unless there is a novation under state law, or agreement not to use bankrptcy to void the contract, the debtors rights under the contract are extinguished. Debtor agrees to be responsible for obtaining such agreements or losing rights under such contracts. Debtor agrees that his or her attorney will not file motions to assume such contracts.

**18.** Setoffs if you have money in a credit union or creditor account, or other loans that cross-collateralized, any money or property may be taken for both loans. The Undersigned have read the above & assume the risk that a debt is not discharged in bankruptcy, that our non-exempt property will be taken and sold by the bankruptcy trustee if it can't be protected, that the trustee might object if we have excess income, or change in State, Federal or Bankruptcy laws before the case is filed in Court AND WE HAVE TO READ, CHECK, & MAKE SURE OUR PETITION IS ACCURATE!!!

Dated: _6 / 25 /2018_     _Michael Caldwell_ (signature)     | X Date & Sign |

**Michael Caldwell**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS EASTERN  DIVISION

In re

**Michael  Caldwell  / Debtor**

Bankruptcy Docket #:

Judge:

## VERIFICATION OF CREDITOR MATRIX

The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Dated: 6 / 25 /2018

Michael  Caldwell

X Date & Sign

---

* Joint debtors must provide information for both spouses.  Penalty for making a false statement or concealing property:  Fine
up to $500,000 or up to 5 years imprisonment or both.  18 U.S.C. 152 and 3571.

B 1D (Official Form 1, Exh.D)(12/08)      Page 1 of 1

| Part 4: | Sign Below |
|---|---|

By signing here, I declare under penalty of perjury that the information on this statement and in any attachments is true and correct.

Michael  Caldwell

Date: 6 / 25 /2018

If you checked line 17a, do NOT fill out or file Form 122C-2.

If you checked 17b, fill out Form 122C-2 and file it with this form. On line 39 of that form, copy your current monthly income from line 14 above.

found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13:  Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $75 administrative fee: Total fee $310)

Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time.  You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings.  The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors.  The court must approve your plan before it can take effect.

After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11:  Reorganization ($1,167 filing fee, $550 administrative fee: Total fee $1,717)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12:  Family Farmer or Fisherman ($200 filing fee, $75 administrative fee: Total fee $275)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

### 3. Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both.  All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court. The

Dated: __6/25__/2018          *Michael Caldwell* (signature)          **X Date & Sign**

**Michael  Caldwell**

Dated: __6 / 25__/2018          (signature)

**Attorney: Tarek Muhammad Khalil**